ORIGINAL

FILED
U.S. DISTRICT COURT
2009 JUN 10 PM 12: 38
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| QUINTON T. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 308-100 |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-captioned social security case is now before the Court on the Commissioner's motion to dismiss Plaintiff's complaint. (Doc. no. 8). The Commissioner argues that this action should be dismissed for failure to state a claim upon which relief can be granted, contending that Plaintiff's complaint was untimely filed. (Id. at 1-4). Plaintiff, who is represented by counsel, failed to respond to the Commissioner's motion. Thus, under Loc. R. 7.5, the motion is deemed unopposed. For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's motion to dismiss be **GRANTED**, that Plaintiff's time-barred complaint be **DISMISSED** for failure to state a claim upon which relief can be granted, and that this civil action be **CLOSED**.

I.  **BACKGROUND**

The Commissioner explains that in April 2005, Plaintiff filed an application for Title XVI (Supplemental Security Administration ("SSI")) benefits. (Doc. no. 8, p. 3, Kelly Decl., Ex. A). Plaintiff's claims were denied initially and on reconsideration. (Id. at Kelly Decl., Ex. A). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Id.). The ALJ issued a decision on January 25, 2008, denying Plaintiff's application. Thereafter, Plaintiff filed a request for review of the ALJ's decision; that request was denied by the Appeals Council ("AC") on August 8, 2008. (Id.). Plaintiff, did not appeal the AC's decision. (Id.). When the AC denied Plaintiff's request for review, the Commissioner's decision was "final" for the purpose of judicial review under 42 U.S.C. § 405(g).[1]

On October 30, 2008, Plaintiff commenced the above-captioned case. The Commissioner now contends that because Plaintiff's complaint was untimely filed, it should be dismissed for failure to state a claim upon which relief can be granted.

II.  **DISCUSSION**

Simply put, the Commissioner contends that Plaintiff does not have a right to pursue judicial review of his SSI application because the time for Plaintiff to seek judicial review of the denial of his SSI claims had lapsed at the time the instant action was commenced. To

---

[1] The administrative procedure for the review of SSI applications is a four-step process governed by federal regulations. See 20 C.F.R. § 404.900(a). First, the claimant submits his application and receives an initial determination. 20 C.F.R. § 404.902. If dissatisfied, the claimant may request reconsideration. 20 C.F.R. § 404.907. If still dissatisfied, the claimant may seek a hearing before an Administrative Law Judge ("ALJ"). 20 C.F.R. § 404.929. The decision of the ALJ may be appealed to the AC. 20 C.F.R. §§ 404.967 & 404.981. Once the claimant's request has been denied by the AC, the claimant may then seek judicial review of his claim in federal court. 20 C.F.R. §§ 404.981 & 422.210.

begin, the Court notes that, as a general rule, 42 U.S.C. § 405(g) is the sole jurisdictional basis for judicial review in Social Security matters. See 42 U.S.C. § 405(h);[2] Weinberger v. Salfi, 422 U.S. 749, 757-62 (1975) (explaining that § 405(h) bars federal district courts from hearing Social Security claims where jurisdiction is allegedly based upon general federal question jurisdiction); see also Califano v. Sander, 430 U.S. 99, 105-07 (1977) (holding that Administrative Procedure Act does not provide the district courts with an independent source of subject matter jurisdiction over Social Security claims). Section 405(g), in pertinent part, provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g).

Thus, § 405(g) provides the following prerequisites for judicial review: 1) a final

---

[2]Section 405(h) provides:

The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

3

decision made by the Commissioner after a hearing, 2) the commencement of a civil action within sixty (60) days of the mailing of notice of the Commissioner's decision, and 3) the filing of the action in an appropriate district court. Weinberger, 422 U.S. at 763. Here, when the AC denied Plaintiff's request for review, the Commissioner's decision was final for the purpose of judicial review under 42 U.S.C. § 405(g). Therefore, the first requirement is not at issue in this case. The third requirement relates to venue and is also not at issue in this case. However, the Commissioner avers that Plaintiff's complaint should be dismissed because he has not met the second requirement as to his possible claims. The Court agrees.

As previously noted, once the claimant obtains a final decision from the Commissioner, he has sixty (60) days from the mailing of notice of that decision to bring an action in federal court. 42 U.S.C. § 405(g); see also C.F.R. §§ 404.981, 422.210. Plaintiff's administratively exhausted claims were denied by the AC on August 8, 2008. (Doc. no. 8, Kelly Decl., Ex. A). Nevertheless, Plaintiff did not file the instant suit until October 30, 2008 – beyond the sixty-day limit provided by 42 U.S.C. § 405(g). Plaintiff's claims are untimely.

The requirement of filing a complaint within sixty (60) days is "not jurisdictional, but rather constitutes a period of limitations." Bowen v. City of New York, 476 U.S. 467, 478 (1986) (citations omitted). Nevertheless, because "the sixty-day limit is a statute of limitations, it is a condition on the waiver of sovereign immunity and thus must be strictly construed." Id. at 479. As Plaintiff has offered no basis upon which the statutory period may be equitably tolled, the Court concludes that his claims are indeed time-barred. Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007).

4

Moreover, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (internal quotations and citations omitted). As the sixty-day limit is a condition on the waiver of sovereign immunity, Plaintiff's complaint is time-barred, and he has failed to state a claim upon which relief can be granted.

### III. CONCLUSION

For the reason set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's motion to dismiss be **GRANTED**, that Plaintiff's time-barred complaint be **DISMISSED** for failure to state a claim upon which relief can be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of June, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE